**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| CARLA E. PERKINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-359-XR |
| | § | |
| U.S. POSTAL SERVICE, POSTMASTER | § | |
| GENERAL JOHN E. POTTER, SHEILA | § | |
| SMITH SPEANS, MARIA ELENA | § | |
| ORDAZ, CHARLES SCOTT MONKS, | § | |
| LILIA TREST, RICHARD DEOCA, LISA | § | |
| FIELDS, and ELIZABETH RODRIQUEZ, | § | |
| | § | |
| *Defendants*. | | |

### ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants' Motion for Partial Dismissal (Docket Entry No. 18).  Having considered the motion and Plaintiff's filings in this suit, the Court hereby GRANTS Defendants' motion.

### Background

Plaintiff Carla Perkins filed suit against the United States Postal Service, Postmaster General John E. Potter and employees of the United States Postal Service for "employment discrimination on the basis of: extreme intense and severe emotional and mental anguish and distress[,] [i]ntentional harassment causing disability that led to disability retirement and violation to [her] right to privacy in regards to medical information being intentionally revealed."  (Pl.'s 1st Am. Compl. ¶ 1, Oct. 14, 2009 [Docket Entry No. 12].)  Perkins's complaint states that because of Plaintiff's race, sex, religion, disability, and retaliation, Defendants "threatened to terminate plaintiff's employment [and] agitated, aggravated, bullied, criticized, deceived, demeaned, br[ought] evil, [were] not fair nor

1

forthright . . . [and] harassed plaintiff with intent that caused extreme intense and severe emotional and mental distress [that] cause[ed] disability that led to disability retirement. (*Id.* ¶ 7.) She continues that the defendants created a very unsafe work environment for plaintiff and revealed her medical information to other employees. (*Id.*)

## Procedural History

Defendants filed a motion for partial dismissal of Plaintiff's claims and then submitted an Answer to the remaining claims made in Perkins's amended complaint. (*See* Def.s' Mot. for Partial Dismissal, Dec. 28, 2009 [Docket Entry No. 18]; Answer, Dec. 28, 2009 [Docket Entry No. 19].) Perkins submitted a "Reply to Defendants' Answer." (Reply to Def.s' Answer, Jan. 11, 2010 [Docket Entry No. 21].)

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* To survive a Rule 12(b) (6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. However, the plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## Analysis

### A. The Head of the Agency is the Proper Defendant in Plaintiff's Lawsuit

Claims pursuant to Title VII against the federal government must be asserted against the head of the department. 42 U.S.C. § 2000e-16(c). This means that "[t]he Postmaster General is the only proper defendant in a Title VII action against the Postal Service." *Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 902 (5th Cir. 1989) (citing *Lamb v. U.S. Postal Serv.*, 852 F.2d 845, 846 (5th Cir. 1988)). Furthermore, claims pursuant to the Rehabilitation Act of 1973 cannot be made against an individual in their individual capacity. *See Lollar v. Baker*, 196 F3d 603, 609 (5th Cir. 1999).

Perkins filed this suit against John E. Potter, Postmaster General, the United States Postal Service and seven other individual employees of the Postal Service. She can only assert her claims against John E. Potter, Postmaster General. As a result, the Court must dismiss her claims against the United States Postal Service and the seven named individuals in this suit.

### B. Title VII and the Rehabilitation Act Preempt Plaintiff's Claims for Emotional Distress and Violations of a Right to Privacy

Perkins cannot pursue a claim for intentional inflection of emotional distress and a violation of right to privacy against Defendants. Title VII provides the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976). The Rehabilitation Act constitutes the exclusive remedy for a

federal employee alleging disability-based discrimination. *See* Dark v. Potter, 293 Fed. Appx. 254, 258 (5th Cir. 2008) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). The Fifth Circuit has "interpreted the Supreme Court's mandate in *Brown* to mean that, when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992). The Court finds that Perkins is relying on the same facts to establish her Title VII and Rehabilitation Act claims and her claims for intentional infliction of emotional distress and a violation of the right to privacy.[1] As a result, the Court must dismiss Plaintiff's claims of intentional infliction of emotional distress and a violation of the right to privacy.

## C. Plaintiff's Claims for Discrimination

Defendants argue that Perkins does not establish that she was subjected to an adverse employment action as part of her prima facie case to establish a claim for discrimination. (Mot. at 6.) Under the framework established by *McDonnell Douglas Corp. v. Green*, the initial burden to prove a prima facie case of discrimination falls upon the plaintiff.[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). However, the *McDonnell Douglas*

---

[1]Moreover, Plaintiff's complaint establishes no legal authority to assert her claim for a violation to a right to privacy. To the extent that her claim is premised on a state cause of action for invasion of privacy, the claim is preempted since she is relying on the same facts to establish her Title VII and Rehabilitation Act claims and her claim for invasion of privacy . To the extent that she is attempting to assert a claim under the Fourth Amendment of the Constitution, her allegations fail to establish facts to assert such a claim.

[2]In general, to satisfy this requirement, a plaintiff must demonstrate the following: (1) she is a member of a protected class; (2) she possessed the required qualifications for employment in his position; (3) despite his qualifications, she suffered an adverse employment action; and (4) that a member of another class who was similarly situated was treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

framework is an evidentiary standard and not a rigid pleading requirement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506-07, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Therefore, to survive a Rule 12(b)(6) motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 511. Moreover, courts hold pro se complaints to a lower standard than pleadings drafted by attorneys. *Dark*, 293 Fed. Appx. at 256.

Here, Plaintiff asserts that she suffers from a disability, *i.e.*, being "obsessive compulsive personality disorder." (Am. Comp. ¶ 7.) She discusses her absence from work and alludes to questions regarding those absences. (*Id.* at 14.) In addition, she discusses comments made by supervisors in response to her lengthy tenure with the Postal Service. (*Id.* at 11.) When evaluating the claims of a pro se litigant, a court is to determine whether "within the universe of theoretically provable facts, there exists a set which can support a cause of action under this complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). Plaintiff's allegations fail to state what adverse employment action she suffered as a result of the discrimination nor is the Court able to posit what type of adverse employment action was suffered by Perkins as a result of discrimination. Consequently, the Court will grant Defendants' motion to dismiss regarding Plaintiff's claims for age and disability discrimination without prejudice.

The Fifth Circuit has stated that "[a] pro se complaint . . . should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) (citing *Conley*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80). Because of the lenience afforded to pro se parties, the Court will allow Perkins an opportunity to file an amended complaint that explains how the Postal Service directly discriminated against her as a result of disability, how the Postal Service directly discriminated against her as a result of her age,

and what adverse employment action was taken against her as a result of that discrimination.

Perkins, however, makes no reference to any discrimination that occurred as a result of her race, gender, or religion, even though she checked those boxes on the pro se complaint form. (*See* Am. Compl. ¶ 7.) Perkins's amended complaint and "Reply to Defendants' Answer" present no plausible set of facts upon which she can assert claims for discrimination based on race and/or religion. Within the universe of theoretically provable facts based on Perkins' filings, she cannot present a set of facts to support a cause of action based discrimination based on race, gender, or religion. Therefore, the Court grants Defendants' motion to dismiss these claims.

## D. Plaintiff's Claim for Harassment

Defendants contend that Plaintiff cannot assert a claim for harassment because the activities that she alleges are harassing were not sufficiently severe or pervasive to create an objectively hostile work environment. (Mot. at 7.) The conduct complained of must be so severe or pervasive as to create an environment that a reasonable person would find hostile or abusive. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 752, 118 S.Ct. 2257, 2264, 141 L.Ed.2d 633 (1998). Title VII "is not a general civility code for the American workplace." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999) (characterizing Supreme Court's decision in *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). Perkins alleges in her Complaint mostly conclusory facts, such as the following: Perkins was told by her supervisor that "we have to . . . figure out how to get more productivity from you;" coworkers actions were "antagonizing, bullying, criticizing, . . . deceiving and demeaning;" supervisors would "walk through my work area at different times and it would disrupt [me]." (Am. Compl.) Being extremely generous to this pro se plaintiff in construing Perkins's alleged facts and drawing all reasonable inferences, the Plaintiff

does not establish in her complaint that the actions were objectively or subjectively severe or pervasive to constitute actionable harassment. Without providing any support for her contention, Perkins has merely stated that Defendants harassed her and has not isolated the manner in which Defendant harassed her, how the harassment was based on her age or disability, or how it affected her work. At most, Perkins has asserted claims that she had a conflict with postal service employees, but none of the claims reach a level of actionable harassment. As a result, the Court will grant Plaintiff's motion to dismiss Perkins's claims based on actionable harassment. However, her status as a pro se plaintiff warrants that the dismissal occur without prejudice.

## Conclusion

Defendants' partial motion to dismiss is GRANTED. As John E. Potter, Postmaster General of the United States Postal Service is the only appropriate Defendant in this matter, Plaintiff's claims are DISMISSED against the United States Postal Service and the remaining individual defendants. Defendants' motion is GRANTED as to Perkins's claims for discrimination and harassment. Perkins's claims for race discrimination, gender discrimination, and religious discrimination are DISMISSED, but her claims for disability discrimination, age discrimination, and harassment are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint to reassert her claims for age discrimination, disability discrimination, and harassment in accordance with this order no later than February 10, 2010.[3]

---

[3]Defendants did not move for dismissal of Plaintiff's claim for retaliation.

It is so ORDERED.

SIGNED this 26th day of January, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE